IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CHERICKA LASKEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-558-SM |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Chericka Laskey (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A), 1382c(a)(3)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(c). Docs. 9, 13.

Plaintiff maintains the ALJ erred by not properly considering a limitation related to migraine headaches when assessing her residual functional capacity (RFC).[1] After a careful review of the record (AR), the

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

parties' briefs, and the relevant authority, the court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[2]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [her] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [she] can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 937-57; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since the amended alleged onset date;

(2) had the severe impairments of Chiari I malformation, status post decompression in 2009, migraine headaches, degenerative disc disease of the cervical and lumbar spine, and obesity;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC for sedentary work with additional restrictions;

(5) was unable to perform any past relevant work, but could perform jobs that exist in significant numbers in the national economy such as addresser, charge account clerk, and telephone quotation clerk; and thus

(6) was not disabled.

AR 940-57.

### 2. Appeals Council's findings.

Because this Court previously remanded Plaintiff's case, *see Laskey v. Berryhill*, 2018 WL 297606, at *1 (W.D. Okla. Jan. 4, 2018), and the Appeals Council did not assume jurisdiction of the case, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks and citation omitted)). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

B.     **Issue for judicial review.**

Plaintiff asserts the ALJ erred in formulating the RFC because she failed to "consider a critical limitation" related to her migraines—lying down in a dark and quiet room. Doc. 14, at 4-6.

III. **Analysis.**

A.     **Parties' arguments.**

Plaintiff contends the ALJ failed to include an allowance in the RFC for Plaintiff to lie down in a quiet, dark room when she has migraine headaches. Doc. 14, at 4. In support of her argument, Plaintiff cites a portion of the decision in which the ALJ wrote: "At times, [Plaintiff] must lie down in a quiet darkened room for headache relief. Otherwise, there is no evidence in the record of treatment and other measures, other than her palliative medication, taken for relief of pain or other symptoms." *Id.* (citing AR 947). Plaintiff contends the passage amounts to the ALJ's acknowledgement and apparent acceptance of Plaintiff's need to lie down in a quiet darkened room for headache relief. *Id.* Plaintiff argues the ALJ should have included the limitation "regardless of what [she] believes about [Plaintiff's] credibility." *Id.* at 6. In support of this proposition, she cites cases where the Tenth Circuit has cautioned against ignoring medical evidence and failing to discuss probative evidence. *Id.* (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004); *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)).

5

The Commissioner disagrees with Plaintiff's interpretation. Doc. 18, at 8-9. The Commissioner asserts the ALJ "merely not[ed]" Plaintiff's testimony about what she does when she experiences symptoms from her migraine headaches. *Id.* The Commissioner contends substantial evidence supports the RFC assessment, as shown by the ALJ's lengthy discussion of the evidence in making her determination. *Id.* at 9-12.

In her reply brief, Plaintiff asserts the ALJ did not note that the limitation came from Plaintiff's testimony, arguing the Commissioner "fails to (and indeed cannot) point to any language to support this assertion, because such language does not exist." Doc. 20, at 2. Instead, Plaintiff argues that the ALJ's statement "is a factual finding by the ALJ regarding Plaintiff's limitations." *Id.* at 2-3.

### B. The ALJ was not required to include a lying-down limitation in the RFC.

Plaintiff's argument that the ALJ made a factual finding regarding Plaintiff's need for an allowance to lie down in a dark and quiet room when she has a migraine lacks merit. Despite Plaintiff's assertion to the contrary, the ALJ repeatedly attributed Plaintiff's need to lie down in a quiet, dark room to her own testimony. *See* AR 945 ("On average, [Plaintiff] testified she has a migraine about ten days out of the month during which she has a throbbing headache and she must lie down in the dark away from noise."); *id.* at 946 ("She

6

testified during a headache, she lies down in a quiet, darkened room with a face towel over her face."); *id.* ("[Plaintiff] testified that she has migraine headaches at least ten days during a month that require her to lie down in a darkened quiet room."). The ALJ considered Plaintiff's testimony and found that her statements about the intensity, persistence, and limiting effects of her symptoms were not supported by the objective and treating medical evidence that instead document rather unremarkable findings. *Id.* at 947. Plaintiff does not challenge the credibility finding, which appears to be based on substantial evidence.[3]

The portion of the decision that Plaintiff relies on states: "At times, [Plaintiff] must lie down in a quiet darkened room for headache relief. Otherwise, there is no evidence in the record of treatment and other measures, other than her palliative medication, taken for relief of pain or other symptoms." *Id.* Read in context with the rest of the decision, this paragraph does not amount to a finding that Plaintiff must be able to lie down in a dark and quiet room when she has a migraine. Instead, it appears the ALJ considered Plaintiff's lying down to be a form of self-treatment—a factor the ALJ needed to address as part of the credibility analysis. *See* SSR 16-3p, 2017

---

[3]   Plaintiff contends her credibility "is not the issue with the error in question." Doc. 14, at 6. The ALJ's references to Plaintiff's lying down for headache relief, however, fall within the portion of the decision analyzing Plaintiff's credibility. *See* AR 947.

7

WL 5180304, at *7-8 (noting an ALJ must consider "[t]reatment, other than medication, an individual receives or has received for relief of pain or other symptoms" when evaluating the intensity, persistence, and limiting effect of an individual's symptoms (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3))). Acknowledging Plaintiff's testimony in this regard does not mean the ALJ found that there should have been a similar limitation in the RFC. This is particularly true where the ALJ undertook a thorough analysis of Plaintiff's testimony and the record, AR 943-55, found Plaintiff's alleged limitations were not entirely supported by the record, and did not include the limitation in the RFC.

Plaintiff also does not show that the ALJ ignored medical evidence regarding her migraines. Plaintiff cites no medical evidence from the record suggesting she had a need to lie down in a quiet and dark room during a migraine. *See Lopez v. Berryhill*, 2017 WL 4356384, at *4 (D.N.M. Sept. 30, 2017) ("Plaintiff's self-serving testimony . . . is not medical evidence."). It is not the court's duty to search the 1,708-page record for medical evidence supporting Plaintiff's alleged limitation. *See N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 803 (10th Cir. 2016) ("[I]t is emphatically not this court's duty to scour without guidance a voluminous record for evidence supporting [Plaintiff's] theory." (internal quotation marks and citation omitted)). Thus, this contention is without support.

8

## IV. Conclusion.

Based on the above, the court affirms the Commissioner's decision.

**ENTERED** this 4th day of February, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE